No. 631　　　　July 1, 2026　　　　253

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. A. M., aka T. A. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

T. A. M.,
aka T. A. M.,
*Appellant.*

Lane County Circuit Court
25JU01445; A187562

Amit K. Kapoor, Judge.

Submitted June 3, 2026.

Ginger Fitch and Youth, Rights & Justice filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Youth appeals from a judgment committing him to the legal custody of the Oregon Youth Authority (OYA) with a recommendation for placement in a closed custody facility for a period not to exceed five years. On appeal, youth raises two assignments of error. In his first assignment of error, youth argues that the juvenile court erred in determining that commitment to OYA for placement in a youth correction facility was in youth's best interest, and in his second assignment of error, youth argues that the juvenile court erred when it committed him to OYA custody. We conclude that the juvenile court properly understood and applied the dispositional considerations mandated in ORS 419C.411(3) and the best-interest determination in ORS 419C.478(1) and that it acted within its discretion when it concluded that committing youth to OYA's custody was in youth's best interests. Accordingly, we affirm.

In this nonprecedential opinion, we discuss the facts and procedural history only as necessary for the parties to understand our resolution of defendant's assignments of error. "We review the juvenile court's dispositional decision regarding placement of a delinquent youth for abuse of discretion." *State v. T. J. L.*, 335 Or App 477, 483, 558 P3d 855 (2024), *adh'd to as modified on recons*, 337 Or App 600, 564 P3d 503 (2025). "We will reverse a discretionary ruling only if it falls outside the range of legally permissible options, keeping in mind that there is often more than one legally permissible choice when discretion is at play." *Id.* We review the juvenile court's findings of historical fact for any evidence to support them. *State v. G. L. D.*, 253 Or App 416, 418, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013).

Youth was adjudicated for an act that if done by an adult would constitute first-degree theft, ORS 164.055. Prior to the filing of the petition for that count of first-degree theft, youth was on probation from two prior adjudications and was meeting with his juvenile counselor and therapist and undergoing screenings for substitute care placement with OYA. However, after the petition for first-degree theft, OYA no longer pursued substitute care placement. Instead, the Department of Youth Services recommended that youth

be committed to OYA custody for placement in a youth correction facility. Subsequently, and after holding a hearing, the juvenile court issued a written judgment committing youth to the custody of OYA for placement in a closed custody facility, finding that "it [was] in the best interest and welfare of the youth that he be placed in the legal custody of the [OYA] \*\*\*." The juvenile court listed its reasons for doing so in the written judgment.

In a combined argument in support of both assignments of error, youth requests that we overrule *T. J. L.* and instead establish that we review ORS 419C.478 best-interest determinations for legal error, rather than abuse of discretion. We are not persuaded that *T. J. L.* is wrong, let alone "plainly wrong." *See State v. Woods*, 317 Or App 506, 513, 505 P3d 432, *rev den*, 370 Or 198 (2022) (describing "plainly wrong" standard). Additionally, we rejected the same argument in our decision in *State v. C. J. W.*, which was published after youth filed his brief. 345 Or App 531, 535, 583 P3d 1074 (2025), *rev den*, 375 Or 109 (2026). Thus, we review the juvenile court's best-interest determination for abuse of discretion.

Youth also argues that commitment to OYA custody is not in youth's best interest and that the juvenile court's written findings fail to comply with ORS 419C.478(1). Youth argues, among other things, that the juvenile court did not consider the downsides of placing youth in OYA custody in its written judgment or sufficiently explain how placing youth in OYA custody served his needs stemming from his trauma history. Additionally, youth argues that the juvenile court incorrectly relied on the availability of alternative placements rather than the suitability of a carceral placement. We disagree.

Under ORS 419C.478(1), a juvenile court may "in addition to probation or any other dispositional order, place an adjudicated youth who is at least 12 years of age in the legal custody" of OYA. Additionally, ORS 419C.411(3) provides a list of considerations a juvenile court must consider "in determining the disposition of the case" and ORS 419C.411(4) provides a list of factors the juvenile court may consider in determining that disposition. In an order

committing a youth to OYA custody, the juvenile court must "include written findings describing why it is in the best interests of the adjudicated youth to be placed with" OYA. ORS 419C.478(1). A juvenile court's best-interest determination for commitment to OYA custody involves consideration of "some subset of the factors" in ORS 419C.411(3) and (4) "that drive the disposition generally, as there is a single disposition." *T. J. L.*, 337 Or App at 603; *see also State v. N. K. H.*, 341 Or App 78, 81-82, 572 P3d 349, *rev den*, 374 Or 437 (2025) (citing *T. J. L.* to conclude that "the court's findings indicate[d] that it appropriately considered youth's past conduct with respect to those factors as context for its best-interest determination").

In this case, the juvenile court properly understood and applied the dispositional factors and best-interest determination as required by ORS 419C.478(1). In the written judgment, the juvenile court listed the efforts that had been made to provide youth with support and treatment. It also described youth's conduct that, in the court's view, had made those efforts unsuccessful. The juvenile court then wrote in the judgment that "despite all of the efforts, the youth has not been able [to] successfully engage in services and is unable to do so outside of a secure setting and needs such a setting to have his needs met." We understand that statement to express the court's view that commitment to OYA custody was in youth's best interests because that was the only setting that would ensure that youth would engage in the services necessary to address his ongoing behavior and trauma history. Although that might not have been the only determination available to the juvenile court, the court understood the applicable legal framework, made sufficient written findings in the judgment, and its disposition was within the range of its discretion.

Therefore, the juvenile court did not commit a legal error when making its dispositional and best-interest determinations and it did not abuse its discretion in committing youth to OYA for placement in a youth correction facility.

Affirmed.